

Stephen Raher, pro se
OSB #095625
P.O. Box 15189
Portland, OR 97293
(503) 235-8446, phone
(719) 457-5916, fax

FILED 10 JAN 6 12:03 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

STEPHEN RAHER,                                Case No. CV 09-526-ST

           **Plaintiff**

                                **MEMORANDUM IN SUPPORT OF**
  **v.**                                **PLAINTIFF'S MOTION TO COMPEL**
                                  **DISCOVERY**

**FEDERAL BUREAU OF PRISONS,**

           **Defendant.**

## I. Introduction and Factual Background

      This litigation became necessary due to defendant Bureau of Prisons' ("BOP") failure to comply with statutory deadlines for responding to plaintiff's Freedom of Information Act request ("FOIA Request"). BOP has summarily denied the FOIA Request and responded to plaintiff's subsequent inquiries with contradictory information, vague objections, and repeated refusals to informally resolve this matter. Thus, the roots of this suit lay in the government's failure to communicate with specificity the basis for its actions—a noteworthy fact, given the posture of the current discovery dispute. BOP's uncooperative and recalcitrant attitude has persisted throughout the course of this litigation—a lawsuit which would not demand significant time from the parties or the court, but for BOP's unnecessarily antagonistic approach.

      The documents that plaintiff seeks relate to a series of procurement actions undertaken by BOP (the "CAR Series"). After plaintiff filed this suit, BOP assembled some documents which

were responsive to the FOIA Request and sent them to the parties which had bid as part of the CAR Series, asking the bidders if any information should be withheld from plaintiff (the "June 22 Letters"). Raher Decl., ¶¶ 1-2, Ex. A. On July 23, 2009, BOP sent plaintiff what it claimed were the documents responsive to plaintiff's FOIA Request, along with a list of claimed FOIA exemptions ("First Vaughn Index"). Raher Decl., ¶ 3, Ex. B. Plaintiff subsequently wrote to BOP's counsel, noting that the documents covered by the First Vaughn Index failed to include several categories of documents which were encompassed by the FOIA Request. Raher Decl., ¶ 4, Ex. C. Accordingly, on November 13, 2009, BOP sent plaintiff another round of documents and list of claimed exemptions ("Second Vaughn Index"). Raher Decl. ¶ 5, Ex. D.

After carefully examining both Vaughn indices, plaintiff found most of BOP's descriptions of withheld information to be inadequate due to a lack of detail which prevents testing the applicability of FOIA exemptions. Additionally, many of the exemptions which BOP asserts appear highly questionable given the unredacted portions of the documents that have been produced thus far. *See* Ex. A to this memorandum; Raher Decl. ¶ 4, Ex. C.

Since BOP's primary objection appears to turn on a claim of confidentiality, plaintiff attempted to determine whether the bidders' even had a legitimate expectation of confidentiality. To this end, plaintiff asked BOP's counsel for any correspondence BOP received from bidders in response to the June 22 Letters (as well as any similar correspondence generated in connection with the Second Vaughn Index). Raher Decl. ¶ 6, Ex. E. BOP refused, claiming the documents were "outside [the] FOIA request." Raher Decl., ¶ 7, Ex. F.

As a result of BOP's consistent failure to address relevant FOIA issues with specificity, plaintiff was left with no other option than to serve BOP with a formal request for production of documents and a set of eight interrogatories. Raher Decl., ¶¶ 8-9, Exs. G and H. BOP responded

on December 21, advancing several vague and generalized objections and refusing to answer any of plaintiff's interrogatories.  Raher Decl. ¶ 10, Exs. I and J.

BOP's objections are legally insufficient and without merit.  Just as this suit originated with the defendant's refusal to communicate, BOP's actions in discovery indicate that it will not act cooperatively, absent an order from this court.

## II. Legal Standard

A party may serve on any other party "a request . . . to produce . . . any designated documents or electronically stored information" which are "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).  The scope of a party's request for production is defined by Rule 26(b), which allows parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

Requests for production are "an essential part of a liberal and integrated scheme for the full disclosure of relevant information between the parties that will facilitate the prompt and just disposition of their litigation."  8A Charles Wright, Arthur Miller, and Richard Marcus, *Federal Practice and Procedure* [hereafter "Wright & Miller"] § 2206, at 378-379 (1994).  A request for production may be proper even if it causes hardship for the responding party.  *Id.* § 2214, at 438-439 ("The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion.") (footnotes omitted).

Similarly, a party may serve any other party with interrogatories concerning "any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  If an interrogated party does not answer an interrogatory, it must state its objections "with specificity," or any objection is waived.  Fed. R. Civ. P. 33(b)(4).

**Page 3 – Memorandum in Support of Plaintiff's Motion to Compel Discovery**

Objections are proper if interrogatories exceed the scope of Rule 26(b) or are oppressive, burdensome, or unnecessary. Wright & Miller § 2174, at 297-311 (1994). BOP's objections lack any specificity. Indeed, BOP's objection to the current interrogatories set forth no grounds on which an objection can properly rest. Instead, BOP advances a strained theory that there is somehow an implied exception to discovery in FOIA lawsuits.

The propriety of plaintiff's request for production is explained in the next section. The subsequent section explains the propriety of plaintiff's interrogatories. The final section addresses the inadequacy of BOP's theory of a FOIA-based discovery exemption.

### III. Plaintiff's Request for Production is Proper Because it Seeks Information Relevant to BOP's Claimed Exemptions

The bulk of BOP's redactions are based on FOIA's "Exemption Four." 5 U.S.C. § 552(b)(4) (exempting "trade secrets and commercial or financial information obtained from a person and privileged or confidential" from disclosure under FOIA). BOP does not explicitly claim that any of the withheld information constitutes trade secrets or privileged information (although by not answering plaintiff's seventh interrogatory, BOP has refused to clarify this issue, *see infra* at 7), thus it appears by implication that most redactions are based on a claim of confidentiality.

Exemption Four can apply to non-trade secret information if either the government or the supplier of the information has a legitimate expectation of confidentiality. *See Nat'l. Parks and Conservation Ass'n. v. Morton*, 498 F.2d 765, 767 (D.C. Cir. 1974) (Exemption Four "has a dual purpose. It is intended to protect interests of both the Government and the individual [who supplies information to the government].") None of the claimed exemptions in the two Vaughn cite any governmental interest in confidentiality. Therefore, the exemptions must be based on

**Page 4 – Memorandum in Support of Plaintiff's Motion to Compel Discovery**

the bidders' claims of confidentiality. The bidders' actual requests for confidential designation (and, presumably, a legal justification for such treatment) are contained in the correspondence which plaintiff seeks in his request for production. *See* Raher Decl., ¶¶ 1 and 6.

The information plaintiff seeks through his request for production is clearly within the scope of Fed. R. Civ. P. 26(b). Nothing indicates the information is privileged. Thus, plaintiff's request for production is proper and BOP's objections should be overruled.

## IV. Plaintiff's Interrogatories Are Proper Because They Seek Information Relevant to BOP's Claimed Exemptions and the Adequacy of BOP's Search

Plaintiff's interrogatories are included in their entirety as Exhibit H to the Declaration of Stephen Raher. As discussed in this section, plaintiff's use of interrogatories is justified and comprises a key component of his anticipated argument for summary judgment. BOP claims it has provided all responsive records and that all claimed exemptions are legitimate, despite substantial evidence to the contrary. Plaintiff's interrogatories seek straightforward information so that plaintiff may provide this court with a clear record showing why an order should issue requiring BOP to conduct a thorough search for records, and provide plaintiff with largely unredacted documents. These issues are illustrated by reviewing the interrogatories in order.

Interrogatories 1 and 2 seek information on BOP's process of evaluating the bids it received during certain phases of the CAR Series. Plaintiff's FOIA Request sought documents relating to "the solicitation, *evaluation,* and issuance" of certain government contracts. Complaint, Ex. A (emphasis added). BOP has not produced any records pertaining to bid evaluation, nor has it provided plaintiff with any explanation of why such records would not be available. The first and second interrogatories simply seek a description of the bid review and award process so as to inform the court when it determines whether BOP has conducted an

adequate search for records. In FOIA cases the agency bears the burden of proving it has

conducted a reasonable search. *Citizens Comm'n on Human Rights v. Food and Drug Admin.*,

45 F.3d 1325, 1328 (9th Cir. 1995). Here, BOP is trying to avoid providing basic information

that would tend to illustrate the extent to which there are documents that would have been

discovered through a reasonable search.

Interrogatories 3 through 5 seek to cure the insufficient document descriptions contained

in BOP's two Vaughn indices. The purpose of a Vaughn index is to "afford the FOIA requester

a meaningful opportunity to contest, and the district court an adequate foundation to review, the

soundness of the withholding." *Citizens Comm'n*, 45 F.3d at 1328 (quoting *Weiner v. FBI*, 943

F.2d 972, 977 (9th Cir. 1991)). An essential component of a Vaughn index is a specific

description of any withheld material and the accompanying justification of the claimed

exemption. *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973) ("courts will simply no longer

accept conclusory and generalized allegations of exemptions.").

BOP's two Vaughn indices are replete with vague descriptions and facially contradictory

information. The number of problems in BOP's Vaughn indices are too numerous to recite

within the confines of Local Rule 26.5(b)'s page limits, however a representative sampling of

such inconsistencies is contained herein as Exhibit A to this memorandum. The bulk of BOP's

redactions are based on FOIA's "Exemption Four." 5 U.S.C. § 552(b)(4) (exempting "trade

secrets and commercial or financial information obtained from a person and privileged or

confidential" from disclosure under FOIA). BOP does not explicitly claim that any of the

withheld information constitutes trade secrets or privileged information, thus it appears by

implication that most redactions are based on a claim of confidentiality. As illustrated by the

examples in Exhibit A to this memorandum, much of the withheld information appears to be

non-confidential. Accordingly, plaintiff's third, fourth, and fifth interrogatories seek to obtain more specific descriptions of withheld information so as to determine whether BOP's claims under FOIA's Exemption Four are justified.

Interrogatory 6 seeks more detailed descriptions of any withheld information that pertains to bidders' contracts with other governmental agencies. Because government contracts fall under federal or state public records statutes, they are presumptively non-confidential unless covered by a specific statutory exception. Nonetheless, BOP has withheld details of bidders' government contracts without specifically citing any statutory justification. *E.g.*, Raher Decl. Ex. D, at 7 ("Release of other client contracts . . . would cause substantial harm to the competitive position of the submitter"). Plaintiff's sixth interrogatory seeks to elicit details which would illustrate whether there is any justification under federal or state statute for withholding such presumptively non-confidential information.

Interrogatory 7. To properly qualify under FOIA's Exemption Four, withheld information must be either a trade secret, privileged, or confidential. *Nat'l. Parks and Conservation Ass'n. v. Morton*, 498 F.2d 765, 766 (D.C. Cir. 1974). Although BOP clearly labels most of its redactions as justified by Exemption Four, it does not always specify whether the withheld information is a protected trade secret, privileged, and/or confidential. *E.g.,* Raher Decl., Ex. B (none of the Exemption Four redactions in the First Vaughn Index make any claims of privilege or confidentiality, and BOP makes no attempt to support a claim of trade secret status). Plaintiff's seventh interrogatory seeks to elicit specific information on how withheld information specifically qualifies for redaction under Exemption Four.

Interrogatory 8 concerns BOP's numerous withholdings of "pricing information." Contractor pricing information does not qualify for FOIA's Fourth Exemption if the data do not

allow the recipient to calculate the bidder's profit margin. *Pacific Architects and Engineers Inc.* *v. U.S. Dept. of State*, 906 F.2d 1345 (9th Cir. 1990). Thus, to determine the propriety of BOP's withholding of pricing information, plaintiff's eighth interrogatory seeks to determine whether the withheld information contains the bidders' profit margins.

## V. BOP's Objections to Plaintiff's Discovery Requests Lack Merit

BOP's response to plaintiff's interrogatories include two sets of objections—one labeled "general" and one labeled as a "response." Raher Decl., Exs. I and J. BOP's general objections are so vague as to not provide an adequate basis upon which plaintiff can formulate a response. Thus, the general objections plainly violate the requirement that objections to interrogatories "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Accordingly, this Court should overrule BOP's general objections in their entirety.

BOP's "response" similarly lacks specificity insofar as it does not address plaintiff's individual interrogatories, but rather makes a general argument that the government should not be subject to any discovery because the plaintiff's cause of action is provided by FOIA. Not only is there no "FOIA exception" to the rules of civil procedure, but the two cases cited by BOP are entirely inapplicable to the present case.

BOP first cites *Lane v. Department of the Interior*, for the proposition that a district court may limit discovery in FOIA cases. Raher Decl., Exs. I and J. While this is true as a matter of Ninth Circuit law, the facts of *Lane* are dramatically different from plaintiff's case. *Lane* involved a former government employee who was challenging her termination. *Lane v. Dept. of Interior*, 523 F.3d 1128, 1131-1132 (9th Cir. 2008). After the government denied Lane's FOIA request for certain personnel records, she filed suit under FOIA and the Privacy Act. *Id.* at 1132-1134.

There are two reasons why *Lane* is inapplicable to the present dispute.  First, the scope of discovery is dramatically different.  Lane sought to depose twenty people in four separate cities.  *Id.* at 1134.  Thus, the district court in Lane made the reasonable finding that the plaintiff's discovery request was highly burdensome.  In the present case, plaintiff has submitted eight interrogatories and one request for production of documents (collectively the "Discovery Requests").  Both of the Discovery Requests are limited in scope.  BOP has made no allegation that the Discovery Requests are burdensome, nor has it attempted to negotiate with plaintiff to ameliorate any objectionable portions of the requests.

Second, the plaintiff in *Lane* was using the discovery process to obtain "the very information that [was] the subject of [her] FOIA complaint."  *Id.*  Here, plaintiff is not using the Discovery Requests to obtain the documents he seeks, but rather to obtain material information relevant to the summary judgment process.

The second case that BOP relies upon is *Lawyers' Committee for Civil Rights of San Francisco Bay Area v. U.S. Department of the Treasury.*  As with *Lane*, the facts of *Lawyers' Committee* are so different from the present case that BOP's reliance is misplaced.  The district court in *Lawyers' Committee* denied discovery in a FOIA suit, yet the court's reasoning clearly shows that the decision is not analogous to the present dispute.  Specifically, the court noted that "[d]iscovery is usually not permitted in a FOIA case if the government's affidavits were made in good faith *and provide specific detail about the methods used to produce the information.*"  *Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dept. of the Treasury*, 534 F.Supp.2d 1126, 1131 (N.D. Calif. 2008) (emphasis added).  The *Lawyers' Committee* decision actually *supports* plaintiff's discovery requests, specifically the observation that discovery *is* appropriate if "an agency has not taken adequate steps to uncover responsive documents."  *Id.* at

1132 (quoting *Schiller v. INS*, 205 F.Supp.2d 648 (W.D. Tex. 2002)).

Given the documents included in the two Vaughn indices, BOP is apparently arguing that it reviewed several bids and awarded multiple contracts for hundreds of millions of dollars without generating any internal documents evaluating the bids. This argument is not only contrary to general principles of government contracting, but it also suggests that BOP has failed to conduct an adequate search for records. Given this background, the *Lawyers' Committee* holding that discovery is appropriate in such circumstances suggests that this court should act to compel BOP's cooperation in discovery.

## VI. This Court Should Hold Oral Argument on Plaintiff's Motions

At the outset of this litigation, BOP's counsel indicated a desire to resolve plaintiff's grievances through informal negotiation—a proposal which plaintiff was entirely willing to accept. Yet, over the course of this suit, BOP has apparently rejected its counsel's approach and is instead content to flaunt both the FOIA and the rules of this court. Its response strongly suggests BOP has failed to conduct an adequate search. In addition, BOP has refused plaintiff's informal request for documents and now refuses to cooperate in formal discovery. Accordingly, plaintiff has little hope that BOP will cooperate so as to allow this case to be resolved within the present deadlines imposed by this court. For this reason, plaintiff respectfully asks that this motion be set for oral argument so that both parties may discuss calendar issues with the court.

Respectfully submitted,

Stephen Raher, pro se

Raher v. Federal Bureau of Prisons, CV 09-526-ST
Exhibit A, Memorandum in Support of Plaintiff's Motion to Compel Discovery

| BOP's Document # | BOP's Justification for Withholding | Description and/or Context of Withheld Information | Problem(s) |
|---|---|---|---|
| Supp. Vaughn Ind. Doc. # 24 (pp. 19-20) | "Information withheld pertains to specific subcontractors, including relationship with offeror, reasoning behind the specific subcontracting percentage goals, designation of inclusion or exclusion of indirect and overhead costs in calculations of subcontracting goals." | Withheld information includes bidder's response to BOP's request for "a description of the efforts your company will make to ensure that small, small disadvantaged, women-owned, HUBZone, veteran-owned, and service-disabled veteran owned small business concerns will have an equitable opportunity to compete for subcontracts." | A plan for *soliciting* subcontractors is presumptively non-confidential because it entails soliciting parties with whom the solicitor has no prior relationship, and upon whom it has not imposed a condition of confidentiality. |
| Supp Vaughn Ind. Docs. # 27-28 | All redactions in these two documents are based on FOIA's Exemption Four (confidential information) | BOP has withheld at least five attachments included with a bidder's proposal. | Each bidder was instructed it "*must* annotate each individual item it considers privileged or confidential under the FOIA" (Doc. # 36, at 11), yet only one of the five withheld attachments in Docs. 27 and 28 was so labeled. |
| Supp. Vaughn Ind., Doc. # 37 (pp. 12-14) | "Withheld information provides narrative for the Decisional Rule Criteria which is a description of similar detention services and facilities provided by offeror. The redacted information form [sic] these pages is information detailing specific commercial and competitive information regarding offeror's management of these specific facilities." | The "decisional rule criteria" (DRC) refers to the portion of the BOP's request-for-proposals guidelines that requires each bidder to "demonstrate at the time of proposal submission [that] it has corporate experience operating secure corrections/detention facilities for a continuous three year period as of the date the RFP was issued." (Doc. 36, at 1). | Operation of a correctional facility is an inherently public activity. BOP does not indicate how the broad level of description called for by the DRC ends up containing confidential information. Moreover, even if there is confidential information in the bidder's answer, it is doubtful that all three pages must be withheld in their entirety. |
| Supp. Vaughn Ind., Doc. # 38 | "Specific documents or specific sections of these contracts which [sic] contain confidential business information the release of which would be substantially harmful to offeror's competitive position." | Redactions include: 1) a list of states in which the bidder is licensed to do business, and 2) letters requesting "*non*-confidential credit reference information" (emphasis added). | 1) Plaintiff is unaware of any state business licensing regime which treats licensee's status as confidential. 2) BOP claims confidentiality of information which is labeled as "non-confidential." |