**KENT S. ROBINSON, OSB #09625**
Acting United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
FAX:  (503) 727-1117
        Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN RAHER,** | CV 09-526-ST |
| Plaintiff, | DECLARATION OF KEVIN DANIELSON |
| v. | |
| **FEDERAL BUREAU OF PRISONS.** | |
| Defendant. | |

I, Kevin Danielson, submit this declaration in support of the Defendant's Response to Plaintiff's Motion to Compel.

1. I am an Assistant United States Attorney in the District of Oregon and assigned to represent the Defendant in this action. I make this declaration on personal knowledge and, if called upon to do so, I would testify to the following matters.

PAGE - 1     Declaration of Kevin Danielson
             *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

2.	Attached hereto as Exhibit 1 is a true and correct copy of an e-mail, dated August, 4, 2009, that I received from Stephen Raher in this matter.

3.	I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated this 15th day of January 2010.

        Respectfully submitted,

        KENT S. ROBINSON
        Acting United States Attorney
        District of Oregon

        */s/Kevin Danielson*
        KEVIN DANIELSON
        Assistant United States Attorney

## Danielson, Kevin C. (USAOR)

**From:** Stephen Raher [sraher@lclark.edu]
**Sent:** Tuesday, August 04, 2009 4:43 PM
**To:** Danielson, Kevin C. (USAOR)
**Subject:** Re: Raher v. BOP

Kevin:

I have had a chance to further review the documents you sent. While I appreciate the speed with which you have been able to obtain the documents, I do have two concerns.

First, none of the documents appear to respond to my request for "correspondence regarding the solicitation, evaluation, or issuance of Awards DJB1PC003 and DJB1PC007, to Reeves County" (this is the third bullet point in my original request of November 3, 2008, which is included as Exhibit A to the complaint). Although the BOP has produced the final contracts for these two awards, there are no documents pertaining to the solicitation and evaluation. I recognize that my use of the term "correspondence" may be ambiguous, so I will clarify that I'm seeking any communication between the BOP and the bidder(s) as well as any other non-privileged communications held by the BOP concerning the evaluation of Reeves' County's proposal (such documents would include communications between BOP employees as well as with any third parties). I would note that this request would encompass, at a minimum, the proposal that Reeves County submitted to the BOP, so there would be at least one responsive document. I would also assume that the BOP generated scoring sheets or other evaluation documents when reviewing the proposal(s).

Second, as for the redacted portions. I understand and accept the (b)(2) redactions of sensitive IT and architectural information. I do, however, take issue with the (b)(4) redactions of pricing information. Based on my reading of case law, there appears to be good precedent that such price data is not entitled to trade secret or confidential information protection under section (b)(4). Moreover, I re-read the original solicitations that BOP issued, and the instructions are clear that submitted proposals (which include the pages redacted under (b)(4)) are subject to public disclosure. Finally, I would note that Corrections Corporation of America consistently redacted its taxpayer identification number (TIN) in the documents you sent, claiming (b)(4) protection. I bring this up not because I care about this particular redaction (the TIN is of no interest to me), but rather because CCA's TIN appears on the first page of its SEC Form 10-K, which is available for free on CCA's website. Accordingly, this information is not entitled to any protection under (b)(4). As a result, I am skeptical of CCA's other requested (b)(4) redactions. Not only does the price data fall outside the text of the statute, but using the financial data in CCA's SEC filings, it may be possible to "back into" the contract figures at issue here, thus vitiating any potential (b)(4) coverage (although I admit I would have to research this aspect further).

Please let me know how you would like to proceed.

Stephen


On 7/30/09 12:37 PM, "Danielson, Kevin C. (USAOR)" <Kevin.C.Danielson@usdoj.gov> wrote:

That is fine. Just let me know.


Kevin Danielson
Assistant U.S. Attorney
1000 SW Third Ave. - Suite 600
Portland, OR 97204-2902
503.727.1025
kevin.c.danielson@usdoj.gov

1

**Exhibit 1**
**1 of 1**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2010, I made service of foregoing:

**DECLARATION OF KEVIN DANIELSON**, by placing a copy in a first-class postage paid envelope in Portland, Oregon, for delivery via U.S. mail to the addresses set forth below:

    Stephen Raher
    P.O. Box 15189
    Portland, OR 97293-5189
    Phone: 503-235-8446

        Pro Se


        __/s/ Deanne Hoffer_____
        DEANNE HOFFER
        Legal Assistant
        US Attorney's Office
        (503) 727-1072