**KENT S. ROBINSON, OSB #09625**
Acting United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
FAX:  (503) 727-1117
       Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN RAHER,** | **CV 09-526-ST** |
| **Plaintiff,** | **DECLARATION OF LEEANN TUFTE** |
| **v.** | |
| **FEDERAL BUREAU OF PRISONS.** | |
| **Defendant.** | |

I,  LeeAnn Tufte, declare and state as follows:

1.     I am employed by Federal Bureau of Prisons (BOP).  My current position is Senior

Paralegal Specialist for the Office of General Counsel, Freedom of Information Act (FOIA)

Section. I have served in my current position since June of 2008.  Between March of 1998,

and June of 2008, I held the position of FOIA Paralegal Specialist for the North Central

Region (NCR).  I have been employed by the BOP since December of 1989.  My office is

**PAGE - 1**    **Declaration of LeeAnn Tufte**
             *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

physically located in Kansas City, Kansas. My major responsibilities include responding to inquiries and requests filed under the Freedom of Information Act and Privacy Act of 1974 (FOIA/PA). I have processed thousands of FOIA requests for the BOP over the 11 past years. I maintain the physical file documenting the request and subsequent determination pursuant to the filing of a proper request under the provisions of the FOIA/PA pertaining to any individual, facility, or Bureau of Prisons activity within the jurisdiction of BOP offices providing records to me in response to requests. Consistent with this responsibility I have access to official records maintained within the BOP FOIA database. These documents include the request and responsive records related to a FOIA request file by Stephen Raher.

2.      In my capacity as Senior Paralegal Specialist, I was responsible for compiling records responsive to this request and to make determinations on the releasability of agency records pursuant to FOIA. I certify that the attached documents are true and accurate copies of official records received, compiled, and maintained in the ordinary course of business by the BOP.

3.      Attached hereto as Attachment A is a true and correct copy of Mr. Raher's FOIA request received on November 12, 2008. In this request, Mr. Raher sought records maintained by the BOP. Specifically, he sought copies of 1) the contract awarded for Solicitation RFP-PCC-0005 (Criminal Alien Requirement Phase 1), announced in Commerce Business Daily on August 10, 1999; 2) the contract awarded for Solicitation RFP-PCC-0006 (Criminal Alien Requirement Phase 2), announced in Commerce Business Daily on April 5, 2000; 3) any correspondence regarding the solicitation, evaluation or

**PAGE - 2    Declaration of LeeAnn Tufte**
        *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

issuance of awards DJB1PC003 and DJB1PC007, to Reeves County arising out of RFP-PCC-0009 and FRP-PCC-0010; 4) any contract awarded for RFP-PCC-0009, (Criminal Alien Requirement Phase 5) and 5) any contract awarded for RFP-PCC-0010, (Criminal Alien Requirement Phase 6). He also indicated in his request that he sought a fee waiver for applicable fees due to his status as a scholarly researcher at an education institution. This request was assigned FOIA No. 2009-01387.

4.    Upon receipt of this request, I contacted the BOP Administrative Division, to obtain copies of the records responsive to the request. All records responsive to this request would be located in the Administrative Division, Acquisitions Branch, in Washington, D.C. Acquisition Branch staff notified me that the responsive records exceeded 250 pages (BOP threshold for free copies). Attached hereto as Attachment B is a true and correct copy of the email notification dated November 26, 2009.

5.    Based upon the volume of pages involved, this request would be subject to a fee assessment, Mr. Raher's request for a fee waiver was analyzed. Mr. Raher stated he was conducting scholarly research, yet no documentation was provided as required by regulation. Pursuant to the 28 C.F.R. 16.11(b)(1) and §16.11(b)(4), a requester shall provide documentation from the educational institution that would indicate that the records were not sought for commercial use but were sought to further scholarly research.

6.    On December 2, 2008, the BOP advised Mr. Raher that his request for a fee waiver was denied and was notified that based on the content of the records sought and his lack of documentation provided to the agency, his request was determined to be commercial in nature. This letter is included as Attachment C.

**PAGE - 3    Declaration of LeeAnn Tufte**
           *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

7.      At no time did the agency receive any communication from Mr. Raher indicating that

he had documentation from the educational institution, nor did Mr. Raher contact this office

to indicate we interpreted his request incorrectly or that he sought to reformulate his

request.

8.      On February 4, 2009, the Office of Information and Privacy (OIP) received Mr.

Raher's appeal to our denial of his request for a fee waiver.  On February 9, 2009, I sent

background information regarding this request to OIP.

9.      The documentation that Mr. Raher provided with his appeal, that was not provided

to the BOP, would meet the requirements to not charge for search fees.  Before OIP or the

agency had the opportunity to adjudicate his appeal, Mr. Raher filed this action.

10.     On June 9, 2009, I contacted the Administrative Division (Acquisition Branch) and

requested that they provide the responsive records to me electronically.

11.     The Acquisition Branch staff reviewed the initial request and identified the

responsive records.  These records, 1764 pages, were sent to me for processing.  I

reviewed all of these pages on a line-by-line basis to determine releasability.  Additionally,

pursuant to federal regulations on business information, 28 C.F.R §16.8, I provided

notification to the submitter of the business information, of the FOIA request and provided

them the opportunity to object to disclosure.  See 28 C.F.R. §16.8(f).  Attached hereto as

Attachment D is a true and correct copy of the Submitter Review Letters (SRL) dated June

22, 2009.

12.     I received objections to release of this information from submitters. Their objections

included justification for withholding portions of the records pertaining to information which

**PAGE - 4     Declaration of LeeAnn Tufte**
        *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

consisted of commercial or financial information that was privileged or confidential under the exemptions allowed by FOIA. I thoroughly looked through all the documents and made a good faith determination that the information withheld fit the FOIA exemptions based upon by belief and any objections provided to me by the competitive submitters.

13.    Mr. Raher was provided these 1,764 pages through the U.S. Attorney's office on or about July 24, 2009. In a good faith effort to be responsive, the BOP did not charge the applicable duplication fees that would normally be assessed for this large amount of records.

14.    On August 4, 2009, Mr. Raher emailed Assistant U.S. Attorney Kevin Danielson indicating that none of the records appeared to be responsive to his request for correspondence regarding issuance of Awards DJB1PC003 and DJB1PC007. Mr. Raher had sought all contract awards for the various contracts.  His use of the term "correspondence" was interpreted to be for the awarded contract record similar to his language on the other items for awarded contracts. His wording was somewhat ambiguous and in fact, Mr. Raher admitted it was ambiguous in his email to AUSA Danielson.   In a good faith effort to respond to Mr. Raher's clarification, I contacted the Acquisitions Branch to inquire whether there were additional records that would be responsive. BOP staff conducted a search to locate any correspondence regarding the solicitation, evaluation or issuance of awards DJB1PC003 and DJB1PC007, to Reeves County arising out of RFP-PCC-0009 and FRP-PCC-0010.

15.    The Acquisition Branch staff located all correspondence records in their possession related to the two awarded contracts.  This included the proposals/offers, any and all

PAGE - 5    **Declaration of LeeAnn Tufte**
        *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

revisions submitted, past performance records, technical proposals, and environmental proposals pertaining to the issuance of the awarded contract. This encompassed approximately 8,000 pages of records.

16.     On August 24, 2009, of the 8,000 pages located, 2,994 pages of all proposals/offers and revision proposals to the awarded contracts were provided to me to process. I reviewed all of these pages on a line-by-line basis to determine releasability. Again, pursuant to federal regulations on business information, 28 C.F.R §16.8, I provided notification to the submitter of the business information of the FOIA request and provided them the opportunity to object to disclosure. See 28 C.F.R. §16.8(f). Attached hereto as Attachment E is a true and correct copy of the Submitter Review Letters (SRL) dated October 13, 2009.

17.     I received objections to release of this information from submitters. Their objections included justification for withhold portions of the records pertaining to information which consisted of commercial or financial information that was privileged or confidential under the exemptions allowed by FOIA. I thoroughly looked through all the documents and made a good faith determination that the information withheld fit the FOIA exemptions based upon by belief and any objections provided to me by the competitive submitters.

18.     As to the remaining approximately 5,100 pages of the large volume of other submitters technical proposals, past performance and environmental proposal pages, the agency reviewed these records in the following manner. First, I obtained a sampling of one submitter's technical proposal, past performance and environmental proposal to better equate myself with what type of information was located in these records. This sampling

PAGE - 6     **Declaration of LeeAnn Tufte**
            *Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

encompassed 975 pages. I conducted a line-by-line review of these pages to determine releasability. I thoroughly looked through all the documents and made a good faith determination that the information withheld fit the FOIA exemptions based upon by belief and any objections provided to me by the competitive submitters. Based upon this review and I made a good faith determination that these procurement sensitive records fit the FOIA exemptions to withhold.

19.    Second, based upon the sampling review and in an effort to save government money and time, I did not request that the remaining records be mailed to me. The review of the remaining submitter's technical proposals, past performance and environmental proposals was accomplished through a coordination with Acquisition Branch staff member Cathy Scott. Ms. Scott had the physical records located in front of her and we discussed and reviewed all the remaining submitter's records. Based upon my belief, Ms. Scott's description of the records, the information listed in the records, and any objections provided to me by the competitive submitters, we made a good faith determination that the information withheld fit the FOIA exemptions.

20.    Mr. Raher was provided the releasable records, 2,056 pages, through the U.S. Attorney's office on or about November 14, 2009. BOP did not charge the applicable duplication fees that would normally be assessed for this large amount of records.

21.    I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

**PAGE - 7    Declaration of LeeAnn Tufte**
*Stephen Raher v. Federal Bureau of Prisons;* CV 09-526-ST

EXECUTED on this _____*14*ᵗʰ_____ day of January 2010.

_____
**LEEANN TUFTE**

**Stephen Raher**
sraher@lclark.edu
(503) 235-8446

Lewis & Clark Law School
Box 5500
10015 SW Terwilliger Blvd.
Portland, OR 97219

November 3, 2008

**Received**

NOV 1 2 2008

FOIA/PA Section
Federal Bureau of Prison

Wanda M. Hunt
Freedom of Information Act/Privacy Act Section
Office of General Counsel, Room 841
Federal Bureau of Prisons
320 First St., NW
Washington, DC 20534

Re:    Freedom of Information Act Request

Dear Ms. Hunt:

I am writing pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552, to request records maintained by the Bureau of Prisons (BOP):

- Any award announcement and contract awarded as a result of Solicitation RFP-PCC-0005 ("Criminal Alien Requirement, Phase 1," announced in *Commerce Business Daily* on August 10, 1999).
- Any award announcement and contract awarded as a result of Solicitation RFP-PCC-0006 ("Criminal Alien Requirement, Phase 2," announced in *Commerce Business Daily* on April 5, 2000).
- Any correspondence regarding the solicitation, evaluation, or issuance of Awards DJB1PC003 and DJB1PC007, to Reeves County (arising out of RFP-PCC-0009, and RFP-PCC-0010, respectively).
- Any contract awarded as a result of RFP-PCC-0009 ("Criminal Alien Requirement, Phase 5).
- Any contract awarded as a result of RFP-PCC-0010 ("Criminal Alien Requirement, Phase 6).

As a scholarly researcher at an educational institution, I also request a waiver of applicable fees pursuant to the Department of Justices FOIA policy. 28 C.F.R. § 16.11(d)(1). You may provide the requested information either in paper form or as Adobe PDF formatted electronic files. If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material.

I look forward to your reply within 20 business days, as contemplated by statute. If I can be of any assistance, please do not hesitate to contact me.

Sincerely,

Stephen Raher

Attachment A
1 of 1

| | |
|---|---|
| **From:** | Cathy S Scott |
| **To:** | Leeann D. Tufte |
| **CC:** | Martz, Douglas M |
| **Date:** | 11/26/2008 8:05 AM |
| **Subject:** | Fwd: FOIA Request No. 3009-001387 |
| **Attachments:** | raher.s.pdf; FOIAWorksheet.wpd |

Leann-
After consulting with the Contract Specialist in the field, we have determined the following estimates for responding to the above FOIA request:

1. 100 pages, 30 minutes

2. 100 pages, 30 minutes

3. 200 pages, 2 hours

4. 100 pages, 30 minutes

5. 500 pages, 2 hours

*[handwritten note:]* commercial - approx. 6 hrs. search
commercial - approx. 8 hrs. copy/scan
commercial - approx. 32 hrs. review
pages (?) unknown - until fee issue addressed
approx. 1000 -

Please let me know if you need any more information or if we should proceed in gathering the documents.  Thanks.

>>> "Darlene Ely" <DEly@bop.gov> 11/24/2008 6:29 AM >>>
Please respond with a copy to Tom and me.

thanks

>>> Thomas Webber 11/21/2008 10:03 AM >>>
Hi Darlene:

Please prepare a response and send directly to Ms. Tufte and cc me.  The requested due date is 11/28/2008.

Thanks for your help.

Tom

>>> Leeann D. Tufte 11/21/2008 8:21 AM >>>
FOIA Request Number: 2009-01387

This is to inform you a request for records has been filed by Stephen Raher. Attached is a copy of the original request.

Pursuant to the Freedom of Information Act, the requested records must be reviewed and a determination made as to the release. This does not mean that the records will be released in whole or in part. If you have concerns as to the release of this information, please let me know. The documents will be reviewed with full consideration of your concerns, however, the reason for withholding the information must fit within one of the exceptions outlined in the statute. These exceptions are very precise and leave little room for interpretation. If you would like additional information, these exceptions are outlined in the Bureau Handbook on the Freedom of Information Act and the Privacy Act available in room 841.

The Bureau is not required to create documents in response to a request. If the requested documents do not exist, please let me know.

Attached you will also find a cover sheet that should be returned with the documents or alone if no documents exist. This cover sheet will provide you with guidelines and information in processing this request. The Federal Bureau of Prisons has twenty working days in which to make a determination to grant or deny access to the records. As a result, please provide a response within five days of the receipt of this notice. If you can not retrieve the information within this time frame, please let us know when you anticipate receipt of the documents.

If the documents are available in electronic format, please feel free to forward them electronically.  If the documents are not available electronically, please contact me and I will arrange for them to be scanned.  Please do not hesitate to call me at 913-551-1174 if you have any questions or concerns. Your assistance in this matter is greatly appreciated.

The requested documents are as follows:

*[handwritten note:]* 30 pgp per hour

**Attachment B**
**1 of 2**

1. Contract awarded for Solicitation RFP-PCC-0005 (criminal Alien Requirement Phase 1, announced in Commerce Business Daily on August 10, 1999.

2. Contract awarded for Solicitation RFP-PCC-0006 (criminal Alien Requirement Phase 2, announced in Commerce Business Daily on April 5, 2000.

3. any records (correspondence, evaluations, etc.) pertaining to Contract awarded for SoDJB1PC003 and DJB1PC007, arising out of RFP-PCC-0009 and FRP-PCC-0010.

4. any contract awarded for RFP-PCC-0009, Criminal Alien Requirement Phase 5.

5. any contract awarded for RFP-PCC-0010, Criminal Alien Requirement Phase 6.

Additionally, if searching for this information exceeds two hours, please contact me and provide the estimated amount of time to search - DO NOT CONDUCT THE SEARCH. I will send a notification of fees due to the inmate prior to us completing this request. The inmate must agree to pay the estimated fees.

Thank you. If you have any questions, please do not hesitate to contact me.

LeeAnn Tufte,
Senior FOIA Paralegal Specialist
West Team Leader
(913) 551-1174

*********************************
SENSITIVE/PRIVILEGED INFORMATION:
The information contained in this electronic message and any and all accompanying documents constitutes sensitive information. This information is the property of the U.S. Department of Justice, Federal Bureau of Prisons. If you are not the intended recipient of this information, any disclosure, copying and distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above numbers to make arrangements for its return to us.

**Attachment B**
**2 of 2**

December 2, 2008

Stephan Raher
Lewis & Clark School
Box 5500
10015 SW Terwilliger Blvd
Portland, OR 97219

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534
Attn: FOI/Privacy Office

Re: Information Request No. 2009-01387

Dear Mr. Raher:

This is in response to your above referenced Freedom of Information Act (FOIA) request.
Specifically, you request copies of: 1) the contract awarded for Solicitation RFP-PCC-0005
(Criminal Alien Requirement Phase 1), announced in Commerce Business Daily on August
10, 1999; 2) the contract awarded for Solicitation RFP-PCC-0006 (Criminal Alien
Requirement Phase 2), announced in Commerce Business Daily on April 5, 2000; 3) any
correspondence regarding the solicitation, evaluation or issuance of awards DJB1PC003
and DJB1PC007, to Reeves County arising out of RFP-PCC-0009 and FRP-PCC-0010;
4) any contract awarded for RFP-PCC-0009, (Criminal Alien Requirement Phase 5) and
5) any contract awarded for RFP-PCC-0010, (Criminal Alien Requirement Phase 6).

Upon review of your request, the nature of the documents sought, and absent an
authorization by an educational institution that the records are not sought for commercial
use, we have determined that this request will be treated as commercial in nature. See 28
C.F.R. §16.11(b)(1) and §16.11(b)(4). Regarding requests for information by a commercial
requestor, we are required to charge all search and review fees for processing your
request. The search and review fee for this request is $36.51 per hour, for each hour of
search and review time by a member of our professional staff. Id, §16.11(b)(2). We
estimate a total of 45 hours of search, duplication (to include scanning to electronic
format), and review time at $36.51 per hour, for a total estimated direct cost of $1642.95.

As to your request for a fee waiver, the statutory test for evaluating fee waiver requests is
whether the release of the information "is in the public interest because it is likely to
contribute significantly to public understanding of the operations or activities of the
government and is not primarily in the commercial interest of the requester," in which event
a fee waiver or reduction is required by law. 5 U.S.C. §552(a)(4)(A)(iii).

**Attachment C**
**1 of 2**

The six factors used in my determination as to whether a sufficient contribution to public understanding of government operations or activities would result from disclosure, so as to warrant the granting of a fee waiver are as follows:  1) whether the subject of the requested records concerns "the operations or activities of the government"; 2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; 3) whether disclosure of the requested information will contribute to the understanding of the general public at large; 4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities; 5) whether the requester has a commercial interest that would be furthered by the requested disclosure; and 6) whether any such commercial interest outweighs the public interest in disclosure.

On the basis of all of the information available to me, I have concluded that your request for a waiver of fees should be denied. In reaching my conclusion, I analyzed the above six factors as they applied to the circumstances of your request. There is no evidence that releasing the information to you will contribute to the understanding of the general public at large.  The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester.  I am unaware of any significant public understanding of government operations or activities that would result from the release of the records sought. Additionally, the nature of the request itself and the ability to use these records for commercial use is greater than any public interest in disclosure.  Therefore, your request for a fee waiver is denied.

In accordance with 28 C.F.R. § 16.11(e), until a payment is made, or you reformulate what you seek, this request will not be considered as received and no further action will be taken.  However, you may appeal the decision to deny your fee waiver request to the Attorney General, Office of Information and Privacy, United States Department of Justice, FLAG Bldg., Washington, D.C. 20530. Please mark your envelope and letter "Fee Waiver Appeal."  Your appeal must be made within 60 days of your receipt of this letter.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section


cc: File



**U.S. Department of Justice**

Federal Bureau of Prisons

CCA Contract Records:

DJBPC005
(Eden)
JIPCC-006
(California City)
JIPCC-007
(Cibola)
JIPCC-008
(McRae)

June 22, 2009

Corrections Corporation of
America
Cole Carter, Assistant General Counsel
10 Burton Hills Blvd
Nashville, TN 37215

Re: Information Request No. 2009-01387

Dear Mr. Carter:

A request has been made by Stephen Raher under the Freedom of Information Act (FOIA), for contract or correspondence records with the Bureau of Prisons (BOP) concerning the following contract/solicitation: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010.

Attached you will find a copy of the responsive records located by our agency pertaining to your contract. We are obligated to make a timely response to the request. We have redacted information from the documents that will not be released. If you have objections, you should state them in writing to this office within ten (10) business days from the date of this notice. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization.

If we do not receive a response from you by July 8, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).

**Attachment D**
**1 of 12**

If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.


Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section


cc: Stephen Raher


Enclosure(s): 1 CD

**Attachment D
2 of 12**



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

June 22, 2009

Cornell Contract
records:

Cornell Companies, Inc.
Benjamin Erwin, Vice President
Corporate Development
1700 West Loop South, Suite 1500
Houston, TX 77027

DJB1PC004
(Big Springs)

Re: Information Request No. 2009-01387

Dear Mr. Erwin:

A request has been made by Stephen Raher under the Freedom of Information Act (FOIA), for contract or correspondence records with the Bureau of Prisons (BOP) concerning the following contract/solicitation: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010.

Attached you will find a copy of the responsive records located by our agency pertaining to your contract. We are obligated to make a timely response to the request. We have redacted information from the documents that will not be released. If you have objections, you should state them in writing to this office within ten (10) business days from the date of this notice. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization.

If we do not receive a response from you by July 8, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).

**Attachment D
3 of 12**

If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: Stephen Raher

Enclosure(s): 1 CD

**Attachment D**
**4 of 12**



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

June 22, 2009

MTC Contract
          Records.

Management & Training Corporation
Odie Washington, Sr. Vice President,
Corrections
500 N. Marketplace Dr.
Centerville, UT 84014

DBJ1PC006
 (Dalby)

Re: Information Request No. 2009-01387

Dear Mr. Washington:

A request has been made by Stephen Raher under the Freedom of Information Act (FOIA), for contract or correspondence records with the Bureau of Prisons (BOP) concerning the following contract/solicitation: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010.

Attached you will find a copy of the responsive records located by our agency pertaining to your contract. We are obligated to make a timely response to the request. We have redacted information from the documents that will not be released. If you have objections, you should state them in writing to this office within ten (10) business days from the date of this notice. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization.

If we do not receive a response from you by July 8, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).

If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: Stephen Raher

Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

June 22, 2009

*LCS Contract*
*Records:*

LCS Corrections Services, Inc.
Patrick Leblanc, President
147 Easy Street
Lafayette, LA 70506

*DJB1PC008*
*(Pine Prairie)*

Re: Information Request No. 2009-01387

Dear Mr. Leblanc:

A request has been made by Stephen Raher under the Freedom of Information Act (FOIA), for contract or correspondence records with the Bureau of Prisons (BOP) concerning the following contract/solicitation: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010.

Attached you will find a copy of the responsive records located by our agency pertaining to your contract. We are obligated to make a timely response to the request. We have redacted information from the documents that will not be released. If you have objections, you should state them in writing to this office within ten (10) business days from the date of this notice. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial and financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization.

If we do not receive a response from you by July 8, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).

If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

**Attachment D**
**7 of 12**

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: Stephen Raher

Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

_Washington, DC 20534_

June 22, 2009

*Reeves County I+II*
*Records:*

Reeves County, Texas
Sam Contreras
Reeves County Courthouse
100 E. 4th Street
Pecos, TX 79772

*DJB1 PC 007*
*(Reeves I+II)*

Re: Information Request No. 2009-01387

Dear Mr. Contreras:

A request has been made by Stephen Raher under the Freedom of Information Act (FOIA), for contract or correspondence records with the Bureau of Prisons (BOP) concerning the following contract/solicitation: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010.

Attached you will find a copy of the responsive records located by our agency pertaining to your contract. We are obligated to make a timely response to the request. We have redacted information from the documents that will not be released. If you have objections, you should state them in writing to this office within ten (10) business days from the date of this notice. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization.

If we do not receive a response from you by July 8, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).

**Attachment D**
**9 of 12**

If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: Stephen Raher

Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

June 22, 2009

Reeves County III
    Records:

Reeves County, Texas
Jimmy Galindo
Reeves County Courthouse
100 E. 4th Street
Pecos, TX 79772

DJB1PC003
(Reeves III)

Re: Information Request No. 2009-01387

Dear Mr. Galindo:

A request has been made by Stephen Raher under the Freedom of Information Act (FOIA), for contract or correspondence records with the Bureau of Prisons (BOP) concerning the following contract/solicitation: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010.

Attached you will find a copy of the responsive records located by our agency pertaining to your contract. We are obligated to make a timely response to the request. We have redacted information from the documents that will not be released. If you have objections, you should state them in writing to this office within ten (10) business days from the date of this notice. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization.

If we do not receive a response from you by July 8, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).

If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: Stephen Raher

Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

October 13, 2009

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

Reeves County Texas
Honorable Jimmy Galindo
Reeves County Courthouse
100 E. 4th Street
Pecos, TX 79772

The GEO Group, Inc.
John Bulfin, General Counsel
Corporate Headquarters
One Park Place, Suite 700
621 Northwest 53rd St.
Boca Raton, FL 33487

Re: Information Request No. 2009-01387
    Stephen Raher v. Federal Bureau of Prisons, CV 09-526-ST, D.Oregon

Dear Judge Galindo and General Counsel Bulfin:

This is to notify you that the plaintiff in the above referenced case, has challenged the processing and search of records responsive to his request. Initially, it was interpreted that Mr. Raher sought the contract award or correspondence records concerning various contract awards with your company and the Bureau of Prisons (BOP). The contract/solicitation involves the following: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010. After consultation with your company and in accordance with FOIA statutes, in July of 2009, plaintiff was provided with partial release of records pertaining to the award contract for correctional facilitie(s): Reeves County III.

After consultation with BOP Acquisitions Branch staff and Mr. Danielson, it was determined that the initial search did not produce all records responsive. Consequently, BOP acquisition staff have provided my office with additional records. We have broken down the remaining records as responsive and our determination:

1) Proposals & Proposal revisions
2) Technical Proposal and revisions
3) Past Performance evaluations

**Attachment E**
**1 of 12**

4) Environmental assessments

We plan to totally deny release of any portion of the technical proposal and revisions, past performance evaluations and environmental assessments. However, review of the proposal and proposal revisions reveal that the due to the fact that the proposal is set forth or incorporated into the contracts, these records are not afforded total denial. As such, the records required line-by-line review. This process has been completed by my staff. The enclosed records have been redacted and are being provided to you for your review and/or objections to our proposed release. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)). If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

Unfortunately, we have a discovery deadline of October 25, 2009. If we do not receive a response from you by October 19, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. Additionally, if you determine that additional time is needed, please contact Kevin Danielson, AUSA, District of Oregon, at (503) 727-1025, as soon as possible.

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section


Enclosure(s): 1 CD



U.S. Department of Justice

Federal Bureau of Prisons

*Washington, DC 20534*

October 13, 2009

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

Reeves County Texas
Sam Contreras
Reeves County Courthouse
100 E. 4th Street
Pecos, TX 79772

The GEO Group, Inc.
John Bulfin, General Counsel
Corporate Headquarters
One Park Place, Suite 700
621 Northwest 53rd St.
Boca Raton, FL 33487

Re: Information Request No. 2009-01387
    Stephen Raher v. Federal Bureau of Prisons, CV 09-526-ST, D.Oregon

Dear Mr. Contreras and General Counsel Bulfin:

This is to notify you that the plaintiff in the above referenced case, has challenged the processing and search of records responsive to his request. Initially, it was interpreted that Mr. Raher sought the contract award or correspondence records concerning various contract awards with your company and the Bureau of Prisons (BOP). The contract/solicitation involves the following: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010. After consultation with your company and in accordance with FOIA statutes, in July of 2009, plaintiff was provided with partial release of records pertaining to the award contract for correctional facilitie(s): Reeves County I & II.

After consultation with BOP Acquisitions Branch staff and Mr. Danielson, it was determined that the initial search did not produce all records responsive. Consequently, BOP acquisition staff have provided my office with additional records. We have broken down the remaining records as responsive and our determination:

1) Proposals & Proposal revisions
2) Technical Proposal and revisions
3) Past Performance evaluations

Attachment E
3 of 12

4) Environmental assessments

We plan to totally deny release of any portion of the technical proposal and revisions, past performance evaluations and environmental assessments. However, review of the proposal and proposal revisions reveal that the due to the fact that the proposal is set forth or incorporated into the contracts, these records are not afforded total denial. As such, the records required line-by-line review. This process has been completed by my staff. The enclosed records have been redacted and are being provided to you for your review and/or objections to our proposed release. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)). If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

Unfortunately, we have a discovery deadline of October 25, 2009. If we do not receive a response from you by October 19, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. Additionally, if you determine that additional time is needed, please contact Kevin Danielson, AUSA, District of Oregon, at (503) 727-1025, as soon as possible.

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section


Enclosure(s): 1 CD  to Reeves County



**U.S. Department of Justice**

Federal Bureau of Prisons

_Washington, DC 20534_

October 13, 2009

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

LCS Corrections Services, Inc.
Jerry Gottlieb, Chairman
147 Easy Street
Lafayette, LA 70506

Re: Information Request No. 2009-01387
Stephen Raher v. Federal Bureau of Prisons, CV 09-526-ST, D.Oregon

Dear Mr. Gottlieb:

This is to notify you that the plaintiff in the above referenced case, has challenged the processing and search of records responsive to his request. Initially, it was interpreted that Mr. Raher sought the contract award or correspondence records concerning various contract awards with your company and the Bureau of Prisons (BOP). The contract/solicitation involves the following: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010. After consultation with your company and in accordance with FOIA statutes, in July of 2009, plaintiff was provided with partial release of records pertaining to the award contract for correctional facilitie(s): Pine Prairie.

After consultation with BOP Acquisitions Branch staff and Mr. Danielson, it was determined that the initial search did not produce all records responsive. Consequently, BOP acquisition staff have provided my office with additional records. We have broken down the remaining records as responsive and our determination:

1) Proposals & Proposal revisions
2) Technical Proposal and revisions
3) Past Performance evaluations
4) Environmental assessments

We plan to totally deny release of any portion of the technical proposal and revisions, past performance evaluations and environmental assessments. However, review of the proposal and proposal revisions reveal that the due to the fact that the proposal is set forth or incorporated into the contracts, these records are not afforded total denial. As such, the records required line-by-line review. This process has been completed by my staff. The enclosed records have been redacted and are being provided to you for your review and/or objections to our proposed release. Your statement of objections must specify, in detail,

**Attachment E**
**5 of 12**

the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)). If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

Unfortunately, we have a discovery deadline of October 25, 2009. If we do not receive a response from you by October 19, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. Additionally, if you determine that additional time is needed, please contact Kevin Danielson, AUSA, District of Oregon, at (503) 727-1025, as soon as possible.

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, DC 20534*

October 13, 2009

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

Management & Training Corporation
Odie Washington, Sr. Vice President,
Corrections
500 N. Marketplace Dr.
Centerville, UT 84014

Re: Information Request No. 2009-01387
    Stephen Raher v. Federal Bureau of Prisons, CV 09-526-ST, D.Oregon

Dear Mr. Washington:

This is to notify you that the plaintiff in the above referenced case, has challenged the processing and search of records responsive to his request. Initially, it was interpreted that Mr. Raher sought the contract award or correspondence records concerning various contract awards with your company and the Bureau of Prisons (BOP).    The contract/solicitation involves the following: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010. After consultation with your company and in accordance with FOIA statutes, in July of 2009, plaintiff was provided with partial release of records pertaining to the award contract for correctional facilitie(s): Dalby.

After consultation with BOP Acquisitions Branch staff and Mr. Danielson, it was determined that the initial search did not produce all records responsive.    Consequently, BOP acquisition staff have provided my office with additional records. We have broken down the remaining records as responsive and our determination:

1) Proposals & Proposal revisions
2) Technical Proposal and revisions
3) Past Performance evaluations
4) Environmental assessments

We plan to totally deny release of any portion of the technical proposal and revisions, past performance evaluations and environmental assessments.    However, review of the proposal and proposal revisions reveal that the due to the fact that the proposal is set forth or incorporated into the contracts, these records are not afforded total denial. As such, the records required line-by-line review.  This process has been completed by my staff.  The enclosed records have been redacted and are being provided to you for your review and/or

**Attachment E**
**7 of 12**

objections to our proposed release.  Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act.  If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f).  In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)).  If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

Unfortunately, we have a discovery deadline of October 25, 2009.  If we do not receive a response from you by October 19, 2009,  we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester.  Additionally, if you determine that additional time is needed, please contact Kevin Danielson, AUSA, District of Oregon, at (503) 727-1025, as soon as possible.

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.


Sincerely,


Wanda M. Hunt
Chief, FOIA/PA Section




Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

_Washington, DC 20534_

October 13, 2009

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

Cornell Companies, Inc.
Cathryn L. Porter, General Counsel
1700 West Loop South, Suite 1500
Houston, TX 77027

Re: Information Request No. 2009-01387
    Stephen Raher v. Federal Bureau of Prisons, CV 09-526-ST, D.Oregon

Dear Ms. Porter:

This is to notify you that the plaintiff in the above referenced case, has challenged the processing and search of records responsive to his request. Initially, it was interpreted that Mr. Raher sought the contract award or correspondence records concerning various contract awards with your company and the Bureau of Prisons (BOP). The contract/solicitation involves the following: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010. After consultation with your company and in accordance with FOIA statutes, in July of 2009, plaintiff was provided with partial release of records pertaining to the award contract for correctional facilitie(s): Big Springs.

After consultation with BOP Acquisitions Branch staff and Mr. Danielson, it was determined that the initial search did not produce all records responsive. Consequently, BOP acquisition staff have provided my office with additional records. We have broken down the remaining records as responsive and our determination:

1) Proposals & Proposal revisions
2) Technical Proposal and revisions
3) Past Performance evaluations
4) Environmental assessments

We plan to totally deny release of any portion of the technical proposal and revisions, past performance evaluations and environmental assessments. However, review of the proposal and proposal revisions reveal that the due to the fact that the proposal is set forth or incorporated into the contracts, these records are not afforded total denial. As such, the records required line-by-line review. This process has been completed by my staff. The enclosed records have been redacted and are being provided to you for your review and/or objections to our proposed release. Your statement of objections must specify, in detail,

the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)). If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

Unfortunately, we have a discovery deadline of October 25, 2009. If we do not receive a response from you by October 19, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. Additionally, if you determine that additional time is needed, please contact Kevin Danielson, AUSA, District of Oregon, at (503) 727-1025, as soon as possible.

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

Enclosure(s): 1 CD



**U.S. Department of Justice**

Federal Bureau of Prisons

_Washington, DC 20534_

October 13, 2009

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

Corrections Corporation of
America
Cole Carter, Assistant General Counsel
10 Burton Hills Blvd
Nashville, TN 37215

Re: Information Request No. 2009-01387
    Stephen Raher v. Federal Bureau of Prisons, CV 09-526-ST, D.Oregon

Dear Mr. Carter:

This is to notify you that the plaintiff in the above referenced case, has challenged the processing and search of records responsive to his request. Initially, it was interpreted that Mr. Raher sought the contract award or correspondence records concerning various contract awards with your company and the Bureau of Prisons (BOP). The contract/solicitation involves the following: RFP-PCC-0005, RFP-PCC-0006, DJB1PC002, DJB1PC007, RFP-PCC-0009, and RFP-PCC-0010. After consultation with your company and in accordance with FOIA statutes, in July of 2009, plaintiff was provided with partial release of records pertaining to the award contract for correctional facilities: California City, Eden, McRae, and Cibola.

After consultation with BOP Acquisitions Branch staff and Mr. Danielson, it was determined that the initial search did not produce all records responsive. Consequently, BOP acquisition staff have provided my office with additional records. We have broken down the remaining records as responsive and our determination:

1) Proposals & Proposal revisions
2) Technical Proposal and revisions
3) Past Performance evaluations
4) Environmental assessments

We plan to totally deny release of any portion of the technical proposal and revisions, past performance evaluations and environmental assessments. However, review of the proposal and proposal revisions reveal that the due to the fact that the proposal is set forth or incorporated into the contracts, these records are not afforded total denial. As such, the records required line-by-line review. This process has been completed by my staff. The

**Attachment E**
**11 of 12**

enclosed records have been redacted and are being provided to you for your review and/or objections to our proposed release. Your statement of objections must specify, in detail, the exact portion of the document where you have concerns and your reasons for withholding that specific portion of the records based on any exemption set forth in the Freedom of Information Act. If you are going to assert that any material is covered by Exemption 4, you need to illustrate why you are contending that such information is a trade secret or consists of commercial or financial information that is privileged or confidential as described in 28 C.F.R., §16.8(f). In addition, you need to explain why such information, if released, would be competitively disadvantageous to your organization. If you have objections to disclosure of this information, we will evaluate your specific grounds for nondisclosure to determine whether the information can be withheld or must be disclosed (Title 28, Code of Federal Regulations, Section 16.8(g)). If we must disclose the requested document over your objection, you will be notified as provided in 28 C.F.R., §16.8(g).

Unfortunately, we have a discovery deadline of October 25, 2009. If we do not receive a response from you by October 19, 2009, we may assume you have no objection to the release of the requested document, and we will send all releasable records to the requester. Additionally, if you determine that additional time is needed, please contact Kevin Danielson, AUSA, District of Oregon, at (503) 727-1025, as soon as possible.

If you have any questions concerning this matter, please feel free to contact LeeAnn Tufte at (913) 551-1174.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

Enclosure(s): 1 CD

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2010, I made service of foregoing:

**DECLARATION OF LEEANN TUFTE**, by placing a copy in a first-class postage paid

envelope in Portland, Oregon, for delivery via U.S. mail to the addresses set forth below:

Stephen Raher
P.O. Box 15189
Portland, OR 97293-5189
Phone: 503-235-8446

Pro Se

   /s/ Deanne Hoffer
DEANNE HOFFER
Legal Assistant
US Attorney's Office
(503) 727-1072