**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #06586**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
FAX:  (503) 727-1117
    Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN RAHER,** | 09-CV-526-ST |
| **Plaintiff,** | |
| v. | **DECLARATION OF BEN ERWIN** |
| **FEDERAL BUREAU OF PRISONS.** | |
| **Defendant.** | |

# AFFIDAVIT

STATE OF TEXAS

COUNTY OF HOUSTON

Before me the undersigned authority personally appeared BEN ERWIN, Senior Vice President of Corporate Development for Cornell Companies, Inc., who, after first being duly sworn, deposes and says:

1. My name is BEN ERWIN and I currently reside in Harris County, Texas. I am over the age of 18 and have full knowledge of the facts contained in this Affidavit.

2. I have been employed at Cornell Companies, Inc. (Cornell) as Senor Vice President of Corporate Development, since March 31, 2008. In that capacity, I oversee the development and pricing of all proposals submitted to governmental entities and political subdivisions in response to Requests for Proposals (RFPs) and other solicitations.

3. I am familiar with the privatized corrections industry and most, if not all, of our competitors. Our competitors include Corrections Corporation of America and The GEO Group, Inc. I routinely attend industry conferences and workshops, and participate on behalf of Cornell in activities sponsored by the American Correctional Association.

4. It is my understanding that the Federal Bureau of Prisons (BOP) received FOIA Request No. 2009-01387 submitted by Stephen Raher, who requested cost and pricing information contained Contract DJB1PC004 which was awarded to Cornell on January 17, 2007 by the BOP. More specifically, it is my understanding that Mr. Raher requested Cornell's pricing information (both for the base year of the contract and the option years of the contract), award fees under the contract, as well as other confidential and proprietary data contained within the contract.

5. I have personal knowledge of Contract DJB1PC004 between the BOP and Cornell.

6. It is my understanding that in July 2009, Joseph Summerill, Cornell's Washington, D.C. attorney and the BOP agreed to withhold from release under FOIA Request 2009-01387 confidential or proprietary commercial or financial information protected from release by both the Trade Secrets Act, 18 U.S.C. §

1905 and Exemption 4 of the FOIA, 5 U.S.C. § 552(b)(4) (2000 & Supp. IV 2004). More specifically, it is my understanding that BOP agreed to withhold under FOIA 2009-01387 pricing information related to Base Year 2, Base Year 3, and Base Year 4 under Contract DJB1PC004.

7. It is also my understanding that BOP agreed to withhold under FOIA 2009-01387 all pricing information identified under "Option A, 90% Pricing Schedule - Base Period" listed in Section B of the Contract. More specifically, BOP agreed to withhold the "Number of Contract Beds" which equals "100% Contract Beds," as well as "115% Contract Beds" listed on both Page 3 and Page 4 of Volume 1, Section B of the Contract. BOP also agreed to withhold all pricing information identified under "Option A" related to the percentage of inmates (i.e., 50%; 90%; and 115%) during the ramp up period and then during the base period for the Contract, as well as option periods for the Contract. For these same periods, BOP agreed to withhold the Monthly Operating Price and the Fixed Incremental Unit Price (FIUP).

8. It is also my understanding that BOP agreed to withhold under FOIA 2009-01387 all pricing information identified under "Option B" related to the "Number of Contract Beds" which equals "100% Contract Beds," as well as "115% Contract Beds." BOP also agreed to withhold all pricing information under Option B related to the percentage of inmates (i.e., 50%; 90%; and 115%) during the ramp up period and then during the base period for the Contract, as well as option periods for the Contract. For these same periods, BOP also agreed to withhold the Monthly Operating Price and the Fixed Incremental Unit Price.

9. Finally, it is my understanding that BOP agreed to withhold under FOIA 2009-01387 the "Explanation for calculation of the FIUP total" under the Contract.

10. Cornell has historically sought to prevent the release of such cost and pricing information (identified above) contained in its proposals to the federal government and the subsequent contracts awarded by the government. Release of such cost and pricing information would cause Cornell substantial competitive harm by significantly increasing the probability that its competitors could underbid Cornell during a future bid of a similar federal contract, such as Contract DJB1PC004. Cornell believes that release of such cost and pricing information would reveal elements crucial in determining Cornell's pricing structure.

11. In my role as Cornell's Senor Vice President of Corporate Development, it is my understanding that BOP evaluates proposals on the basis of best value. The BOP considers price among several other factors in evaluating proposals, and although a bid's price may not be determinative factor in the award of a particular BOP contract, price is nevertheless weighed heavily by the BOP and in some instances, outweighs other factors.

12. Considering the important role that Cornell's costs and pricing information plays in the BOP's award of future contracts, the release of Cornell's cost and pricing information contained in Contract DJB1PC004 would cause substantial harm to the competitive position of the company by allowing outside entities to determine confidential elements of Cornell's proposals to government customers.

13. It is also my understanding that BOP will withhold under FOIA 2009-01387 Cornell's Technical Proposal and Revisions submitted in response to RFP PCC-0010 which resulted in Contract DJB1PC004.

14. I have personal knowledge of Cornell's Technical Proposal and Revisions submitted in response to RFP PCC-0010.

15. Cornell believes that release of its Technical Proposal and Revisions would cause Cornell substantial competitive harm since it would reveal the company's technical, operational, and managerial approaches to performing Contract DJB1PC004.

16. Cornell's Technical Proposal includes staffing plans, operational design, physical plan, and activation plan. Release of this information would cause Cornell substantial competitive harm by allowing competitors a view into Cornell's proprietary approach of providing correctional services.

17. It is also my understanding that BOP will withhold under FOIA 2009-01387 Cornell's Past Performance Proposal submitted in response to RFP PCC-0010 which resulted in Contract DJB1PC004.

18. I have personal knowledge of Cornell's Past Performance Proposal submitted in response to RFP PCC-0010.

19. Cornell's Past Performance Proposal includes Cornell's confidential business information, the release of which would be substantially harmful to Cornell's competitive position by significantly increasing the probability that Cornell's competitors could underbid Cornell during a future bid of a similar contract.

20. It is also my understanding that BOP will withhold under FOIA 2009-01387 a series of contract documents submitted by Cornell in response to the "Decisional Rule Criteria" requirement in RFP PCC-0010. The Decisional Rule Criteria requires that all offerors establish for BOP that the contractor has performed similar contracts within the past three years.

21. I have personal knowledge of the contract documents that Cornell submitted to the BOP in response to the Decisional Rule Criteria under RFP PCC-0010.

22. The contract documents Cornell submitted to BOP in response to the Decisional Rule Criteria requirement under RFP PCC-0010 consists of contracts containing

Cornell's confidential business information, the release of which would be substantially harmful to Cornell's competitive position by significantly increasing the probability that Cornell's competitors could underbid Cornell during a future bid of a similar contract.

FURTHER AFFIANT SAYETH NAUGHT.

_____
BEN ERWIN
Senior Vice President
Corporate Development

STATE OF TEXAS

COUNTY OF HOUSTON

       BEFORE ME, the undersigned authority, personally appeared:

BEN ERWIN who is

    [X]    personally known to me or

    [ ]    produced _____ as identification and

    [ ]    did take an oath

    [ ]    did not take an oath

and having been personally sworn by me deposes and says that he signed the foregoing Affidavit and states said Affidavit is true to the best of his knowledge and/or belief.

    SWORN TO and subscribed before me this __23__ day of __February__, 2010.

_____
Notary Public, State of Texas
At Large



My Commission expires:
SOPHIA CAMPOS
MY COMMISSION EXPIRES
July 2, 2011

**Declaration of Ben Erwin**
**Page 4 of 4**
**Raher v. Bureau of Prisons; 09-cv-526-ST**