IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN RAHER,

        Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

        Defendant,
  and

THE GEO GROUP,

        Defendant-Intervenor.

CV-09-526-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Stephen Raher ("Raher"), filed this action under the Freedom of Information Act

("FOIA"), 5 USC § 552, to obtain documents from defendant, the Federal Bureau of Prisons

("BOP").  After The GEO Group ("GEO") intervened, Raher filed an Amended Complaint alleging two additional claims against GEO under 42 USC § 1983.

GEO has now filed a motion under FRCP 12(b)(6) to dismiss the two new § 1983 claims for failure to state a cause of action or to transfer the case for improper venue (docket # 77).  The court has jurisdiction under 5 USC § 552(a)(4)(B).  All the parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).  For the following reasons, GEO's motion to dismiss is granted.

## STANDARDS

### I.  Motion to Dismiss Under FRCP 12(b)(6)

A complaint may survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim if it contains "enough facts to state a claim to relief that is plausible on its face."  *Coto Settlement v. Eisenberg*, 593 F3d 1031, 1034 (9th Cir 2010), quoting *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (2009) and *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." *Doe v. United States*, 419 F3d 1058, 1062 (9th Cir 2005).  However, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 129 S Ct at 1949, quoting *Twombly*, 550 US at 555.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id* at 1950.

///

///

## II. Claims Under 42 USC § 1983

To state a claim for relief under 42 USC § 1983, a plaintiff must allege that the actions of a person acting under color of state law deprived him of rights secured by federal law. *Flagg Bros., Inc. v. Brooks*, 436 US 149, 155-57 (1978). The rights protected by federal law, including access to information under FOIA, are protected only against government infringement. The complaint must allege, therefore, that the challenged actions of the defendant can fairly be attributed to the state. *Id* at 156.

Accordingly, to state a claim for which relief may be granted against the GEO Group, Raher must allege facts showing that: (1) he has been deprived of a right secured by the Constitution or laws of the United States; and (2) GEO deprived him of this right in circumstances making it fair to attribute GEO's actions to the state of Texas.

## DISCUSSION

## I. Procedural Due Process (Second Claim)

The Second Claim in the Amended Complaint alleges that GEO, acting as an agent of Reeves County, Texas, under color of Texas law, provided BOP only with oral objections to disclosure of information responsive to Raher's FOIA request. Both a federal regulation, 28 CFR § 16.8(f), and BOP instructions require a detailed written statement of such objections. By not providing written objections, Raher contends that GEO deprived him of his right to procedural due process.

GEO contends Raher has failed to allege a due process violation under §1983 because he does not identify a protected life, liberty, or property interest of which he was deprived without due process. GEO relies on a series of prison cases in which inmates challenged the conditions of their incarceration on due process grounds. *See Kentucky Dep't of Corr. v. Thompson*, 490 US 454, 464

(1989) (exclusion of visitors); *Olim v. Wakinekona*, 461 US 238, 250 (1983) (transfer to a different institution); *Hewitt v. Helms*, 459 US 460, 471-72 (1983) (confinement to administrative segregation); *Parratt v. Taylor*, 451 US 527 (1981) (compensation for lost inmate mail); *Meachum v. Fano*, 427 US 215 (1976) (transfer to a different institution). GEO cites these cases for the proposition that there is no independent freestanding right to due process. Instead, the due process clause protects a substantive interest to which the individual has a legitimate claim. GEO contends Raher has not identified such a substantive interest.

Raher relies on the same prison cases for the proposition that state regulations create a protected liberty interest if they limit official discretion in decision-making by explicitly mandating the outcome to be reached upon a finding that the relevant criteria have been met. He contends that the mandatory language of FOIA creates a liberty interest in the release of government records unless an exemption applies.

Assuming that Raher has alleged a substantive liberty interest under FOIA, the issue then becomes whether he states a viable claim for a deprivation of that interest without due process. The regulation allegedly violated by GEO, 28 CFR § 16.8(f), requires a federal agency to provide a submitter of information the opportunity to object to disclosure of that information in a "detailed written statement." Raher contends that by concealing its objections, GEO deprived him of the ability to challenge them. Raher's argument fails for the following reasons.

First, 28 CFR § 16.8(f) does not require an agency to make a submitter's objections available to the requester. It does not entitle the requester to respond to the objections. The regulation does not operate to benefit the requester at all. It simply aids the agency's decision-making process. Therefore, even if FOIA secures a substantive liberty interest (the right to access public records held

by federal agencies), it does not purport to secure the right Raher claims, namely a right to view and rebut a submitter's detailed written statement of objections.

Second, the mandatory language of FOIA limits the official discretion of federal agencies. GEO is not such an agency and has no decision-making discretion with respect to the release of information sought in a FOIA request. Accordingly, the mandatory language of FOIA could not create a liberty interest which GEO had the ability to deprive anyone of. That decision-making discretion lies with BOP alone.

Third, the liberty interest Raher asserts (the right to access government records if an exemption does not apply) presupposes the outcome of the FOIA litigation because the question presented in his First Claim is whether an exemption applies. Raher responds that procedural due process requires that a party against whom an agency has acted be allowed to rebut evidence offered by the agency if the evidence is relevant. *Carnation Co. v. Sec'y of Labor*, 641 F2d 801, 804 (9th Cir 1981). It requires notice of the agency's reasons for its action with sufficient detail to permit the affected party to prepare a response. *Barnes v. Healy*, 980 F2d 572, 579 (9th Cir 1992). Because GEO's oral presentation of objections has left no record, Raher complains that he has been prevented from examining and rebutting the objections.

This argument is not persuasive because GEO's objections, if they are to prevail over Raher's FOIA request, must be presented to the court by BOP and supported by affidavits or declarations with sufficient detail to convince the court that the requested information falls within a FOIA exemption. This requires a particularized explanation of how the disclosure of each document would damage the interest protected by the claimed exemption. *Citizens Comm'n on Human Rights v. Food and Drug Admin.*, 45 F3d 1325, 1326 n1 (9th Cir 1995); *Weiner v. FBI*, 943 F2d 972, 979 (9th Cir

1991), *cert denied*, 505 US 1212 (1992); *Bowen v. U.S. Food and Drug Admin.*, 925 F2d 1225, 1227 n1 (9th Cir 1991) (adopting *Vaughn* Index).  Raher will be allowed to rebut the evidence and argument presented by BOP at that juncture.  These requirements provide Raher with due process and adequately protect his substantive interest in access to public information.

## II. <u>Frivolous Objections (Third Claim)</u>

The Third Claim in the Amended Complaint alleges that GEO, acting as an agent of Reeves County, Texas, under color of Texas law, interposed frivolous and baseless grounds for objecting to disclosure of information responsive to his FOIA request.  He contends this deprived him of his right, secured by FOIA, to access public information which may be vindicated through an action under § 1983.

A federal statute may confer rights enforceable through an action under § 1983 if it unambiguously manifests the intent to create a private federal right and provides a private remedy. *Gonzaga Univ. v. Doe*, 536 US 273, 283-84 (2002); *Alexander v. Sandoval*, 532 US 275, 286 (2001). FOIA creates a right to access public information possessed by an executive agency of the federal government.  5 USC §§ 552(a)(3), 552(f)(1).  FOIA also provides the court with jurisdiction to enjoin such a federal agency from withholding agency records.  5 USC § 552(a)(4)(B).

This language does not unambiguously manifest a Congressional intent to create a private right to an action for damages against private individuals or state agencies.  On the contrary, it appears to provide a comprehensive system to administer public rights by providing requesters with the potential for obtaining injunctive relief either to enjoin the withholding of documents or to compel production of agency records.  *See* 5 USC § 552(a)(4)(B); *Johnson v. Exec. Office for US Attorneys*, 310 F3d 771, 777 (DC Cir 2002).  In addition, a prevailing requester may obtain attorney

fees and costs against the agency, 5 USC § 552(e), and, under limited circumstances, an investigation by Special Counsel "to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding." 5 USC § 552(f).

GEO relies on *Dittman v. California*, 191 F3d 1020, 1028 (9th Cir 1999), *cert denied*, 530 US 1261 (2000), in which the Ninth Circuit adopted the reasoning of *Polchowski v. Gorris*, 714 F2d 749 (7th Cir 1983). These courts concluded that Congress foreclosed the use of § 1983 as a private remedy for unwarranted disclosures of personal information by a private individual or a state agency under the Privacy Act of 1974, 5 USC § 552a. In two respects, FOIA is indistinguishable from the Privacy Act. FOIA, like the Privacy Act, applies only to executive branch agencies of the United States government. 5 USC § 552(f)(1). Also like the Privacy Act, FOIA grants jurisdiction to district courts to impose only injunctive relief, and not damages, and only against the federal agencies. 5 USC § 552(a)(4)(B). Accordingly, the reasoning of the *Dittman* and *Plchowski* decisions is persuasive that Congress foreclosed the use of § 1983 as a private remedy for improper withholding of information by a private individual or state agency under FOIA.

As Raher notes, the legislative history of the Privacy Act shows that Congress considered and deleted provisions that would have made its remedy available against state agencies. There is no such history with respect to FOIA. Nonetheless, the language of FOIA falls well short of unambiguously creating a private right of action and providing a private remedy against defendants that are not federal agencies. *See also Moyston v. O'Mara*, 2009 WL 2854429 at *13 (D NH Aug. 31, 2009) (unpublished) (inmate failed to state a claim under § 1983 by alleging county corrections facility failed to provide documents requested under FOIA because FOIA only imposes disclosure requirements on federal agencies); *Neff v. Walker*, 2009 WL 498071 (D DC Feb. 26,

2009) (inmate failed to state a claim under § 1983 by alleging state agency failed to respond to FOIA request).

Based on the foregoing, the court need not reach GEO's additional arguments in support of its motion to dismiss, namely, that its conduct cannot fairly be characterized as state action for the purposes of § 1983 and that its communications with BOP regarding objections to public disclosure of documents responsive to Raher's FOIA request are protected by the *Noerr- Pennington* immunity doctrine. In addition, this court need not consider GEO's alternative motion to transfer venue.

## **ORDER**

GEO's Motion to Dismiss (docket # 77) is GRANTED. Accordingly, Raher's Second and Third Claims for damages under § 1983 are DISMISSED pursuant to FRCP 12(b)(6) for failure to state a claim because they fail to allege facts that, if proved, would show Raher has been deprived of a protected liberty interest without due process.

DATED this 2nd day of February, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge