UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN RAHER,

        Plaintiff,

        v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

Case No. 09-cv-526-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Stephen Raher ("Raher"), filed this action under the Freedom of Information Act ("FOIA"), 5 USC § 552, to obtain documents from defendant, the Federal Bureau of Prisons ("BOP"). In November 2008, Raher submitted a FOIA request to BOP for five categories of records pertaining to the solicitation, evaluation, and award of contracts by BOP to provide, maintain, and operate private detention facilities for foreign nationals serving criminal sentences imposed by the federal courts. Based on BOP's allegedly inadequate response, Raher filed this case on May 13, 2009, which has resulted in a series of motions over the past three years.

By Order dated May 25, 2012 (docket # 210), this court deferred a portion of plaintiff's most recent Motion to Compel Production and Authorized Discovery (docket # 202) concerning the BOP's admitted destruction of potentially responsive correspondence and electronic records

1 – OPINION AND ORDER

of former employees who were evaluation team members. To determine whether this destruction was improper, Raher has requested information from the BOP concerning its record retention policies. In response, the BOP submitted two declarations explaining that the Federal Acquisition Regulations do not specifically require that all emails be incorporated into the solicitation file, that contracting officers vary as to which emails are saved in the solicitation file, that the BOP has provided all documents in the solicitation file, and that under two BOP information technology policies (Program Statement 1237.13, *Information Security* dated March 31, 2006, § 2.a(6)(b) and Program Statement 1237.14, *Personal Computers and Network Standards* dated May 7, 2007, Chapter 9, p. 2[1]), a former employee's email account is normally deleted within 24 hours of his or her separation from the BOP. Therefore, the BOP located no responsive emails for three former BOP employees, although it did locate some emails of a former BOP employee who had a prior litigation hold.

Raher challenges the BOP's response based on the Federal Records Act ("FRA") which governs the creation, management and disposal of federal records. 44 USC §§ 2101, *et seq*, 3101 *et seq*, 3301 *et seq*. The FRA authorizes each agency head to establish a records management program and to define the extent to which documents are "appropriate for preservation" as agency records. 44 USC §§ 3101-02. An agency record may not be alienated or disposed of without the consent of the Administrator of General Services, who has delegated that authority to the Archivist of the United States. 44 USC §§ 3303, 3303a, 3308-14. The Archivist has promulgated regulations, including the National Archives and Records Administration's General

---

[1] These Program Statements are listed as "Sensitive But Unclassified – Staff Access Only" and not publically available on the BOP's internet site. Smith Decl., ¶¶ 13 & 14.

2 – OPINION AND ORDER

Records Schedules ("GRS").[2]  The GRSs are binding on all agencies unless the Archivist has approved an alternate record retention schedule.  36 CFR § 1227.12.

Raher points to two GRSs as potentially inconsistent with the BOP's Program Statements.  GRS 3 requires agencies to retain records (including "correspondence and related papers pertaining to award, administration, receipt, inspection and payment") for large procurement actions, such as the CAR contracts, until six years and three months following the final payment under the contract.  With respect to "electronic records created or received by Federal agencies," GSR 20 allows destruction only of emails that are "cop[ied] to a recordkeeping system."  The BOP has not provided evidence of any authority from the Archivist to use an alternative retention system.  Thus, Raher seeks to discover if the BOP has any policy concerning preservation of records in the context of litigation and, if so, whether it has complied with that policy.

To resolve this dispute, this court allowed further briefing.  For the reasons set forth below, Raher is permitted to obtain formal discovery regarding the BOP's record retention/destruction policy.

## DISCUSSION

The BOP opposes discovery relating to its record retention policies because the FRA does not create a private cause of action, citing *Kissinger v. Reporters Committee for Freedom of the Press*, 445 US 136 (1980).  Instead, the FRA "establishes only one remedy for the improper removal of a "record" from the agency," namely suit by the Attorney General to recover the records.  *Id* at 148.  In *Kissinger*, plaintiffs sought under FOIA to compel the disclosure of records that had been wrongfully removed from the Department of State to the Library of

---

[2]  Available at http://www.archives.gov/records-mgmt/grs/ (last accessed July 6, 2012).

3 – OPINION AND ORDER

Congress.  Declining that relief, the Court stated that the FOIA, unlike the FRA, "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."  *Id* at 152.

*Kissinger* is distinguishable from this case in one important respect.  In *Kissinger*, the State Department did not have possession or control of the documents at the time the FOIA requests were received and, therefore, did not "withhold any agency records, an indispensable prerequisite to liability in a suit under the FOIA."  *Id* at 155.  The Court noted that withholding must "be gauged by the time at which the [FOIA] request is made" and "express[ed] no opinion as to whether an agency withholds documents which have been wrongfully removed by an individual after a request is filed."  *Id* at 155 n9.  As recognized in a later FOIA case construing *Kissinger*, "if the document is removed *after* the filing of the request, failure to produce it *is* an improper withholding."  *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F Supp2d 28, 44 (D DC 1998) (allowing discovery related to the destruction or removal of documents after the filing of the FOIA request) (emphasis in original).  Here, unlike *Kissinger*, Raher seeks documents that the BOP destroyed after receiving his FOIA requests.

The BOP also mistakenly relies on *Gerlich v. U.S. Dep't of Justice*, 828 F Supp2d 284 (D DC 2011), involving a claim for damages under the Privacy Act.  In that case, the plaintiff sought spoliation sanctions for the destruction of responsive records in violation of the FRA.  The court declined to apply a spoliation inference because the destruction occurred pursuant to a records disposition policy developed under the FRA.  Raher is not seeking damages or a spoliation inference in this case.  Even if he were, *Gerlich* would support that effort because the court also concluded that if the defendant had violated the FRA by "simply ignor[ing] his duties"

4 – OPINION AND ORDER

to decide which documents are "appropriate for preservation," then a "spoliation inference might therefore be appropriate." *Id* at 301.

Moreover, the lack of a private right of action under the FRA misses the point. Raher is not seeking to use the FRA as a basis for this court's jurisdiction. Instead he is seeking to conduct discovery under the FOIA regarding any applicable record retention policies. That discovery is relevant for at least two reasons. If the BOP destroyed records in violation of the FRA, then Raher, assuming that he has "substantially prevailed" on his FOIA claim, may be entitled to recover attorney fees and costs under 5 USC § 552(a)(4)(E). When awarding attorney fees, the court must consider four factors, including "whether the government's withholding of the records had a reasonable basis in law." *Long v. U.S. Internal Revenue Serv.*, 932 F2d 1309, 1313 (9th Cir 1991) (citations omitted). It is relevant to the award of attorney fees whether the BOP has violated the FRA by destroying and, hence, withholding records from production. Further action also may be warranted, such as a finding of contempt or a referral to the Special Counsel under 5 USC § 552(a)(4)(F).

Given that the BOP admits that it has a policy of routinely destroying employee emails immediately upon the employee's departure, it is appropriate to ascertain if that policy complies with the FRA and, if it does, whether and when the BOP imposed a litigation hold on potentially responsive documents. However, Raher is cautioned that his discovery requests may not stray from inquiries that are reasonably calculated to lead to evidence of the lawfulness of the BOP's record retention/destruction policies and their application in this case, including the imposition of any litigation hold.

5 – OPINION AND ORDER

## **ORDER**

The deferred portion of Raher's Motion to Compel Production and Authorized Discovery (docket # 202) regarding the BOP's destruction of records after receipt of his FOIA requests is GRANTED.

DATED July 9, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
