Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 1

| Randy Taylor | Total number of pages: 410 | | | |
|---|---|---|---|---|
| **Document Description (Folders)** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Email dated December 6, 2006, from Randy R. Taylor to Celia Santana, Michael Malone, Matthew D. Nace, and Daniel M. Simpson Re: Fwd: FW: CAR 5 - Matt Nace letter on Transition | Pages 2-3 | 2 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual.  The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
| Email dated December 11, 2006, from Heather L. Greiner to Randy Taylor. Re. CAR 6 Big Spring option b | Page 9 | 9 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual.  The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
| Email dated December 11, 2006, from Darlene Ely to Randy Taylor.  Re. CAR 6 pricing | Page 15 | 15 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual.  The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |

**Exhibit 1**

Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012
Case 3:09-cv-00526-ST   Document 225-1   Filed 10/03/12   Page 2 of 14

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 2

| | | | | |
|---|---|---|---|---|
| Email dated June 15, 2005, from David Erlewine to Randy Taylor Re: LCS Request to Reform Contract (CAR 6) Draft | Page 40-41 | Page 40-41 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency.  The document in question contains a legal opinion by BOP Attorney David Erlewine to contracting staff concerning LCS Request to Reform Contract (CAR 6).  The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions.  Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated June 15, 2005, from Randy Taylor to David Erlewine Re: LCS Request to Reform Contract (CAR 6) Draft | Page 42-43 | Page 42-43 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency.  The document in question contains a legal opinion by BOP Attorney David Erlewine to contracting staff concerning LCS Request to Reform Contract (CAR 6).  The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions.  Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated March 8, 2005, from Connie A. Bare to Beverly Graham and Randy Taylor Re: CAR 5 more changes | Page 61 | Page 61 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 because the recommended changes represents predicisional determinations by the staff of the BOP.  Draft documents are predicisional and ultimately are recommendations until the final document is approved.  By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those |

**Exhibit 1**

Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

**Raher**
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 3

| | | | | |
|---|---|---|---|---|
| | | | | with such information may gain a competitive advantage over contractors without this information.  Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
| Email dated March 9, 2005, from Connie A. Bare to Randy Taylor and David Erik Erlewine Re: Section M CAR 5 | Page 67 | Page 67 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 because the recommended changes represents predicisional determinations by the staff of the BOP.  Draft documents are predicisional and ultimately are recommendations until the final document is approved.  By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information.  Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |

**Exhibit 1**

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 4

| Email dated December 12, 2006, from Randy R. Taylor to Matthew D. Nace. Re. CAR 6 pricing | Page 74 | 74 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual. The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
|---|---|---|---|---|
| Email dated December 18, 2006, from Matthew D. Nace to Paul R. Courtney, Thomas Dufort and Randy R. Taylor Re. CAR VI Exhibits for the Director | Page 86 | 86 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual. The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
| Email dated December 28, 2006, from Randy R. Taylor to Darlene Ely Re: CAR 6 pricing | 99 | 99 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual. The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
| Email dated December 28, 2006, from Darlene Ely to Randy R. Taylor Re. CAR 6 pricing | Page 101-102 | 101 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual. The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
| Email dated August 11, 2006, from Heather L. Greiner to Randy R. Taylor Re: Fwd: CAR 6 Submission without Option A pricing | Page 187 | Page 187 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by former BOP Attorney Christopher Van Horne to contracting staff concerning CAR 6 Submission without Option A pricing. The disclosure of the personal impressions of BOP's agency counsel to |

**Exhibit 1**

Case 3:09-cv-00526-ST   Document 225-1   Filed 10/03/12   Page 5 of 14

Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 5

| | | | | |
|---|---|---|---|---|
| | | | | staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated August 14, 2006, from Beverly Graham Re: Fwd: CAR 6 Inspection Trip | 190-191 | 190 | (b)(2) | (b)(2) was applied to redact the travel authorization codes of staff members. Such travel codes are personnel related codes and solely apply to personnel rules of the agency. |
| Email dated October 31, 2006, from Matthew D. Nace to Stephanie M Girad and Randy R. Taylor Re: Fwd: RE: CAR VI | Page 218-219 | Page 218 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR VI because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |

Exhibit 1

Raher v. BOP: 3:09-cv-00526-ST
Case 3:09-cv-00526-ST    Document 225-1    Filed 10/03/12    Page 6 of 14
R. Taylor Vaughn Index; Dated October 1, 2012

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 6

| Document | Pages | Withheld | Exemption | Explanation |
|---|---|---|---|---|
| Email dated April 18, 2006, from Heather L. Greiner to Randy R. Taylor and Matthew D. Nace Re: Fwd: FW: Chapter III – Affected Environment (CAR ) | Page 236-237 | Page 236 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning the RFP of CAR 5. The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated April 18, 2006, from Heather L. Greiner to Isaac Gaston, Bridgette Lyles, Pam J. Chandler, Matthew D. Nace, and Randy R. Taylor Re: Fwd: FW: Chapter III – Affected Environment (CAR ) | Page 238-239 | Page 238 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning the RFP of CAR 5. The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated April 18, 2006, from Craig Meyers to Isaac Gaston, Heather L. Greiner, Robert Nardi, Pam J. Chandler, Bridgette Lyles, Matthew D. Nace, and Randy R. Taylor Re: Fwd: | Page 240-241 | Page 240 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning the RFP of CAR 5. The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the |

**Exhibit 1**

Case 3:09-cv-00526-ST    Document 225-1    Filed 10/03/12    Page 7 of 14

Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 7

| | | | | |
|---|---|---|---|---|
| FW: Chapter III – Affected Environment (CAR ) | | | | personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated April 18, 2006, from Heather L. Greiner to Craig Meyers, Isaac Gaston, Robert Nardi, Bridgette Lyles, Matthew D. Nace, Pam J. Chandler, and Randy R. Taylor Re: Fwd: FW: Chapter III – Affected Environment (CAR ) | Page 243-244 | Page 243 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency.  The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning the RFP of CAR 5.  The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated April 18, 2006, from Craig Meyers to Isaac Gaston, Heather L. Greiner, Robert Nardi, Pam J. Chandler, Bridgette Lyles, Matthew D. Nace, and Randy R. Taylor Re: Fwd: FW: Chapter III – Affected Environment (CAR ) | Page 245 | Page 245 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency.  The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning the RFP of CAR 5.  The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |

**Exhibit 1**

Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012
Case 3:09-cv-00526-ST   Document 225-1   Filed 10/03/12   Page 8 of 14

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 8

| Document | Pages | Redacted | Exemption | Explanation |
|---|---|---|---|---|
| Email dated April 18, 2006, from Heather L. Greiner to Craig Meyers, Isaac Gaston, Robert Nardi, Bridgette Lyles, Matthew D. Nace, Pam J. Chandler, and Randy R. Taylor Re: Fwd: FW: Chapter III – Affected Environment (CAR ) | Page 246-247 | Page 246 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning the RFP of CAR 5. The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated June 16, 2005, from Randy R. Taylor to Carey Cleland, Connie A. Bare, Beverly Graham, and Matthew D. Nace Re: CAR 5 Solicitation | Page 307-308 | Page 307-308 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 Solicitation because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |

**Exhibit 1**

Case 3:09-cv-00526-ST   Document 225-1   Filed 10/03/12   Page 9 of 14

Raher v. BOP; 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

**Raher**
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 9

| Email dated June 16, 2005, from Charles Mitchell to Connie A. Bare, Carey Cleland, Jerome D. Kesler, and Matthew D. Nace Re: Fwd: CAR 5 Solicitation | Page 309 | Page 309 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 Solicitation because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
|---|---|---|---|---|
| Email dated June 16, 2005, from Beverly Graham to Randy R. Taylor Re: CAR 5 Solicitation | Page 310-311 | Page 310-311 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 Solicitation because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public |

**Exhibit 1**

Raher v. BOP; 3:09-cv-00526-ST
Case 3:09-cv-00526-ST   Document 225-1   Filed 10/03/12   Page 10 of 14
R. Taylor Vaughn Index; Dated October 1, 2012

**Raher**
**FOIA Request No.:**
**Vaughn Index**
**Monday, October 1, 2012**
**Page | 10**

| | | | | |
|---|---|---|---|---|
| | | | | confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
| Email dated June 16, 2005, from Randy Taylor to Beverly Graham Re: CAR 5 Solicitation | Page 312-313 | Page 312-313 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 Solicitation because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
| Email dated June 16, 2005, from Beverly Graham to Randy R. Taylor Re: CAR 5 Solicitation | Page 314-315 | Page 314-315 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 Solicitation because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions |

**Exhibit 1**

Case 3:09-cv-00526-ST    Document 225-1    Filed 10/03/12    Page 11 of 14

Raher v. BOP; 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 11

| | | | | |
|---|---|---|---|---|
| | | | | and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
| Email dated June 16, 2005, from Carey Cleland to Randy R. Taylor Re: CAR 5 Solicitation | Page 316-317 | Page 316-317 | (b)(5) | (b)(5) was applied to redact recommended changes to CAR 5 Solicitation because the recommended changes represents predicisional determinations by the staff of the BOP. Draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process an operate as a potential competitive disadvantage to those that do not possess this information. |

**Exhibit 1**

Case 3:09-cv-00526-ST    Document 225-1    Filed 10/03/12    Page 12 of 14

Raher v. BOP; 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 12

| Email dated August 14, 2006, from Beverly Graham Re: Fwd: CAR 6 Inspection Trip | 361 | 361 | (b)(6) | (b)(6) was applied to redact information of a personal nature that would be maintained in personnel and medical and similar files related to an individual. The release of such information, especially as this information has nothing to do with the Plaintiff's FOIA request, would constitute a clear unwarranted invasion of personal privacy. |
|---|---|---|---|---|
| Email dated April 17, 2006, from Heather L. Greiner to Randy R. Taylor and Matthew D. Nace Re: Fwd: Comments on Draft Chapts for CAR V | Page 377-378 | Page 377 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning CAR 5. The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |
| Email dated April 17, 2006, from Heather L. Greiner to Matthew D. Nace and Randy R. Taylor Re: Fwd: Comments on Draft Chapts for CAR V | Page 380-381 | Page 380 | (b)(5) | (b)(5) was applied to redact intra-agency emails which would not be available by law to a party other than an agency in litigation with the agency. The document in question contains a legal opinion by BOP Attorney Craig Meyers to contracting staff concerning CAR 5. The disclosure of the personal impressions of BOP's agency counsel to staff constitutes a clearly unwarranted invasion of personal privacy of the person providing the impression and the personal privacy of staff that rely on the legal impressions of their agency counsel for an honest and fair assessment to questions. Disclosure of such information negatively impacts the free exchange of communication between decision officials and their agency counsel. |

**Exhibit 1**

Raher
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 13

| Pre-Solicitation Notice (DRAFT) | Page 401 | Page 401 | (b)(5) | (b)(5) was applied to redact recommended the Pre-Solicitation Notice (Draft) because draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
|---|---|---|---|---|
| Fixed Price Award Fee (DRAFT) | Page 407-408 | Page 407-408 | (b)(5) | (b)(5) was applied to redact recommended the Fixed Price Award Fee (Draft) because draft documents are predicisional and ultimately are recommendations until the final document is approved. By exposing edits to the Plaintiff or any potential entity desiring to contract with the BOP, it will reveal the process by which the BOP analyzes contract decisions and those with such information may gain a competitive advantage over contractors without this information. Further, revealing draft documents and the communications by staff appertaining thereto will (1) discourage the open and frank discussions on matters of policy between subordinates and superiors; (2) disclose premature proposed policies before they are finally adopted; and (3) may result in public confusion due to the disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action, the |

**Exhibit 1**

Case 3:09-cv-00526-ST    Document 225-1    Filed 10/03/12    Page 14 of 14

Raher v. BOP: 3:09-cv-00526-ST
R. Taylor Vaughn Index; Dated October 1, 2012

**Raher**
FOIA Request No.:
Vaughn Index
Monday, October 1, 2012
Page | 14

| | | | | |
|---|---|---|---|---|
| | | | | disclosure of which would result in harm to the contracting process and operate as a potential competitive disadvantage to those that do not possess this information. |
| **Attachments** Supervisory Review of the Contract Compliance Section of the Bureau's Central Office | 15 | 15 | Non-Responsive | Non-responsive to the FOIA request. Compliance and Review section (internal contract auditing section) does a review of Bureau contracts before the solicitation is posted, an award is made (exceeding 1 million) or on modifications (exceeding $500,000). |

**Exhibit 1**